UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
TRUSTEES OF THE DISTRICT COUNCIL No. 9      :
PAINTING INDUSTRY INSURANCE FUND et al.,    :
:                    24-CV-7617 (AS)
Petitioners,    :
:                    MEMORANDUM OPINION
-v-                              :                    AND ORDER
:
:
ICON CONTRACTING GROUP,                     :
:
Respondent.    :
:
:
:
-----------------------------------------------------------------------X

ARUN SUBRAMANIAN, United States District Judge:

  On October 8, 2024, petitioners sought confirmation of an arbitration award. ECF No. 1. On October 10, 2024, the Court set a briefing schedule for petitioners' submission of additional materials in support of the petition; respondent's opposition, and petitioners' reply. ECF No. 7. Petitioners served respondent with the petition, supporting materials, and the briefing schedule. ECF Nos. 8, 10. Pursuant to the briefing schedule, respondent's opposition was due no later than November 20, 2024. ECF No. 7. To date, respondent has neither responded to the petition nor otherwise sought relief from the award.

  The Court treats the unopposed petition "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013). After reviewing the petition and the supporting materials, there is no genuine issue of material fact precluding summary judgment as to all portions of the award, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the award.

  The Court also awards petitioners' requested attorneys' fees and costs. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." (internal quotation marks omitted)). Here, petitioners have met their burden of proving the reasonableness and necessity of hours spent, rates charged, and litigation costs incurred.

Petitioners didn't seek pre-judgment interest. *See* ECF Nos. 1, 10. But an award of post-judgment interest is mandatory. *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008); *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013); *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004). So the Court grants petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, the Court grants petitioners' unopposed petition to confirm the award. Petitioners are directed to file their proposed judgment electronically using the ECF Filing Event "Proposed Judgment" by no later than **February 7, 2025**.

SO ORDERED.

Dated: January 24, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge